UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ALAN J. FICK,

                                  Petitioner,

        v.

JOHN RICH,

                                  Respondent.
_____

<u>DECISION AND ORDER</u>

21-CV-6337L

**INTRODUCTION**

      *Pro se* petitioner Alan J. Fick ("Fick") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on April 20, 2021, generally alleging that he is being held in state custody in violation of his federal constitutional rights. (Dkt. # 1). Respondent filed an answer seeking dismissal of Fick's habeas petition on October 22, 2021. (Dkt. ## 17, 18). Fick's petition remains pending before this Court.

      On January 3, 2022, Fick filed a motion (which is dated December 26, 2021) requesting a stay and abeyance of his habeas petition while he pursues a *coram nobis* motion in state court for ineffective assistance of appellate counsel – a claim not included in his original habeas petition. (Dkt. # 23). Fick also seeks to amend his original petition to add this new claim as a basis for relief. (*Id.*).

      For the following reasons, Fick's motion for a stay and abeyance of this case, and to amend his petition, is denied without prejudice.

## DISCUSSION

The stay-and-abeyance procedure Fick seeks to employ is governed by the standard set forth in *Rhines v. Weber*, 544 U.S. 269 (2005).  In *Rhines*, the Supreme Court stated that "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."  544 U.S. at 278.  On the other hand, the Supreme Court explained, even if a petitioner had "good cause" for the failure to exhaust the claims first in state court, it would be an abuse of discretion to grant a stay when the claims are "plainly meritless."  *Id.* at 277.

As submitted, the portion of Fick's motion seeking a stay and abeyance of his habeas petition is entirely conclusory, as he makes no attempt whatsoever to demonstrate entitlement to a stay under any of the *Rhines* factors.  Indeed, Fick offers no explanation for his failure to exhaust his claim for ineffective assistance of appellate counsel in state court prior to filing his habeas petition, does not address whether this new claim has potential merit, and fails to indicate that the requested stay is not part of a dilatory litigation tactic.  (*See generally* Dkt. # 23).

Without any such showing, this Court simply cannot reach a determination about whether it would be appropriate to issue a stay and abeyance of Fick's habeas petition under *Rhines*.  Fick's motion is therefore denied on this basis.  *See, e.g.*, *Milton v. Racette*, 91 F. Supp. 3d 454, 456 (W.D.N.Y. 2015) (denying motion for a stay where petitioner did "not provide[] the Court with information sufficient to permit it to assess his unexhausted claims pursuant to the standards set forth in *Rhines*," and stating that "[w]ithout such information, the Court cannot determine whether it would be a proper exercise of discretion to utilize the stay-and-abeyance procedure described in *Rhines*"); *Mills v. Girdich*, 2008 WL 4371362, *3 (W.D.N.Y. 2008) ("Unless [petitioner] meets

the requirements set forth by the Supreme Court in *Rhines* for granting a stay, it would be an abuse of discretion for this Court to invoke the stay and abeyance procedure."); *Otra v. Rivera*, 2006 WL 2711462, *2 (W.D.N.Y. 2006) ("In the instant matter, Petitioner has completely failed to establish the criteria for the granting of a stay as set forth in *Rhines*. . . . Without a showing of both 'good cause' and that the claim is 'potentially meritorious,' Petitioner's request for a stay of these proceedings must be denied") (footnote omitted).

The denial of Fick's motion for a stay and abeyance of his habeas petition, however, is without prejudice to renew upon a sufficient showing pursuant to *Rhines*. That is, Fick may file a renewed motion for such relief, but any such motion must specifically set forth "good cause" for his failure to exhaust the ineffective assistance of appellate counsel claim in state court prior to filing his habeas petition in federal court and explain why this claim is not "plainly meritless." *Rhines*, 544 U.S. at 277. *See also, e.g.*, *Milton*, 91 F. Supp. 3d at 456 (denying motion for a stay without prejudice and instructing petitioner that any renewed motion "should address the factors set forth in *Rhines*, specifically (1) whether there is good cause for Petitioner's failure to exhaust his claims prior to bringing his federal habeas petition and (2) whether the unexhausted claims are plainly meritless"); *Mills*, 2008 WL 4371362 at *2-3 (same); *Otra*, 2006 WL 2711462 at *1-2 (same).

Moreover, as it relates to the portion of Fick's motion seeking to amend his original habeas petition, Fick has not established that this new claim is not barred by the statute of limitations. *See* 28 U.S.C. § 2244(d)(1). "Where a petitioner seeks to add a new claim to his habeas petition after the expiration of the statute of limitations, he is required to show that the proposed amendment 'relates back' to the claims in the original petition." *Mills*, 2008 WL 4371362 at *2 (footnote omitted). An amendment relates back if the proposed new claim "arose out of the conduct,

transaction, or occurrence set forth" in the original petition. FED. R. CIV. P. 15(c)(1)(B). The Supreme Court has held that an "amended habeas petition . . . does not relate back (and thereby escape [the Antiterrorism and Effective Death Penalty Act of 1996's] one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle v. Felix*, 545 U.S. 644, 650 (2005).

Here, Fick has made no attempt to show that his new claim for ineffective assistance of appellate counsel "relates back" to the claims pled in the original habeas petition. His request to amend his habeas petition is therefore denied without prejudice.

Should Fick file a renewed motion for a stay and abeyance as addressed in more detail above, he must also file a renewed motion for leave to amend his original petition, attach a proposed amended habeas petition to the motion, and address how his new claim "relates back" to the claims originally pled so as to make his amendment timely. *See Mayle*, 545 U.S. at 650; *see also, e.g.*, *Milton*, 91 F. Supp. 3d at 456 (permitting petitioner to file a motion for leave to amend the habeas petition, but instructing that any such motion should address, among other things, "whether the proposed amendment relates back to [petitioner's] original petition") (citation omitted); *Mills*, 2008 WL 4371362 at *2 (instructing that petitioner's motion to amend his habeas petition must explain "how the claim 'relates back' to the originally pled claims so as to make it timely under the statute of limitations in 28 U.S.C. § 2244(d)(1)").

## **CONCLUSION**

For the above stated reasons, Fick's motion for a stay and abeyance of his habeas petition, and to amend his petition, (Dkt. # 23), is denied without prejudice.

**Any renewed motion filed by Fick for this same relief shall be filed within thirty (30) days of receipt of this Decision and Order and shall address the factors outlined above, that is: (1) whether there is good cause for his failure to first exhaust his claim for ineffective assistance of appellate counsel in state court prior to bringing his federal habeas petition; (2) whether this claim is plainly meritless; and (3) whether this claim "relates back" to the claims pled in his original habeas petition. Fick shall also attach a proposed amended petition to any such motion.**

If Fick files a renewed motion, respondent shall file a response within twenty (20) days following Fick's filing.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       January 18, 2022.