UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ALAN J. FICK,

                                    Petitioner,

                    v.

JOHN RICH,

                                    Respondent.
_____

DECISION AND ORDER

21-CV-6337L

## INTRODUCTION

Petitioner Alan J. Fick has filed a *pro se* petition for a writ of habeas corpus pursuant to

28 U.S.C. § 2254, challenging his July 24, 2014 conviction following a jury trial in New York

County Court, Livingston County, of two counts of first-degree burglary, three counts of

fourth-degree grand larceny, and one count of first-degree unlawful imprisonment.  Fick is

currently serving an aggregate sentence of 22 years to life on those charges.  For the reasons that

follow, the petition is denied.

## BACKGROUND

The charges against Fick arose out of an incident that occurred on May 11, 2013,

involving a home invasion and robbery in the town of Springwater, New York.  The

prosecution's evidence at trial showed that Fick and two other men, Kyle Witthoft and Joseph

Machado, concocted a plan to break into the home of 71-year-old Raymond Barrett.  Fick had

met Barrett a few times when Fick was visiting an acquaintance who lived nearby, and had been inside Barrett's house on one occasion, socially.  Fick knew that Barrett owned some firearms and that there was a safe in the house, which Fick presumed contained valuables.

At around 11:00 a.m., Witthoft and Machado entered Barrett's house through the back door, while Fick stayed outside acting as a lookout.  They put a pillowcase over Barrett's head and tied him up, then ransacked the house.  After about two hours, they left with several hundred dollars in cash, a loaded shotgun belonging to Barrett, and other items.

During these events, Witthoft and Machado were in telephone contact with Fick.  By text messages, Fick told Witthoft and Machado to drive Barrett's truck to the home of Fick's girlfriend in Rochester, and that Fick and his girlfriend would meet them there.  They did rendezvous there that afternoon and unloaded the loot.

Based on interviews with Barrett and some of his neighbors, investigators soon developed Fick, Witthoft and Machado as suspects.  Early in the morning of May 15, they found Fick at his girlfriend's house and placed him under arrest.  Fick waived his *Miranda* rights and agreed to talk to them.  During the conversation, he told them that he believed Witthoft and Machado had dumped Barrett's truck in the Erie Canal in Greece, and based on his statements, a police scuba diver did find the truck near where Fick said it would be.

All three men were eventually charged with a variety of offenses.  Fick and Witthoft were charged in one indictment, and Machado was charged in a separate, sealed indictment.

Witthoft pleaded guilty to first-degree robbery, and agreed to testify against Machado and Fick. Machado was tried first and convicted on all counts.[1] *See People v. Machado*, 144 A.D.3d 1633 (4ᵗʰ Dep't 2016), *leave to appeal denied*, 29 N.Y.3d 950 (2017). Fick was likewise found guilty at his trial, on all six counts.

Through counsel (who was not the same attorney who represented Fick at trial), Fick appealed from his conviction. The Appellate Division affirmed the conviction, 167 A.D.3d 1484 (4ᵗʰ Dep't 2018), and the Court of Appeals denied leave to appeal, 33 N.Y.3d 948 (2019).[2]

Prior to bringing his direct appeal, on December 19, 2014 Fick filed a *pro se* motion to vacate his conviction pursuant to N.Y. C.P.L. § 440.10 ("440 motion"). The County Court denied the motion on August 28, 2015, and the Appellate Division denied leave to appeal. State Record ("SR") (Dkt. #17-1) at 16-28.

On March 11, 2020, Fick filed another *pro se* 440 motion to vacate, on various grounds. The County Court denied that motion on November 20, 2020 (Dkt. #3-1 at 34-43), and the Appellate Division denied leave to appeal. (Dkt. #3-1 at 45.)

In addition, after filing his habeas petition in this Court, Fick, through counsel, filed yet another motion in the Appellate Division for a writ of error coram nobis, permitting him to seek *de novo* review of his conviction. (Dkt. #35-1 at 1.) The Fourth Department denied that motion on June 3, 2022. 206 A.D.3d 1661.[3]

---

[1] One count, charging first-degree robbery, was withdrawn before trial as to both Fick and Machado, for reasons that do not appear in the record.

[2] The grounds raised in Fick's various postconviction proceedings will be laid out later in this decision.

[3] After filing his coram nobis motion, Fick moved in this Court to hold his habeas petition in abeyance pending a decision by the Fourth Department. Since that court has now denied Fick's coram nobis motion, his motion to hold this matter in abeyance is denied as moot.

-3-

In his § 2254 petition in this Court, Fick asserts that:  (1) investigators obtained his statements in violation of his right to counsel; (2) the prosecution failed to prove that he acted in concert with his cohorts; (3) the verdict was against the weight of the evidence; (4) the prosecutor engaged in misconduct by appealing to the jurors' fears in his opening statement, eliciting testimony about Fick's uncharged crimes, and making improper comments in his summation; (5) Fick's sentence is harsh and excessive; (6) Fick was denied the right to counsel of his choice at the arraignment on the felony complaint, and assigned counsel then improperly waived Fick's right to a preliminary hearing; (7) Fick's trial counsel was ineffective for failing to request a jury charge regarding consciousness of guilt, failing to request an alibi instruction, and failing to interview and call witnesses; and (8) Fick is entitled to relief on the basis of newly discovered evidence, specifically the affidavit of his codefendant Machado.

## DISCUSSION

### I.  Habeas Corpus Cases:  General Principles

At the outset, certain principles must be kept in mind. First, in reviewing state criminal convictions in a federal habeas corpus proceeding, a federal court does not sit as a super-appellate court, to decide matters of state law.  *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).  That long-established principle was reinforced by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Under AEDPA, when a claim has been adjudicated on the merits in state court, federal courts must give deference to the state courts' findings and conclusions.  On questions of pure fact, "[s]tate court fact-findings, if fairly made, are accorded a presumption of correctness unless the objecting party rebuts the presumption by clear and

convincing evidence."  28 U.S.C. § 2254(e)(1).  On "mixed" questions involving both factual findings and conclusions of law, federal habeas corpus relief is available only if the state court proceeding:  "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).  That standard poses "a formidable obstacle to habeas relief .... "  *Clark v. Noeth*, 351 F.Supp.3d 369, 371 (W.D.N.Y.), *appeal dismissed*, 2019 WL 7876471 (2d Cir. 2019).

Where a state court rejects a petitioner's habeas claim on the merits, then, "the federal court must 'focus its review on whether the state court's ultimate decision was an 'unreasonable application' of clearly established Supreme Court precedent.'"  *Aparicio v. Artuz*, 269 F.3d 78, 94 (2d Cir. 2001) (quoting *Sellan v. Kuhlman*, 261 F.3d 303, 311-12 (2d Cir. 2001)) (additional citations omitted).  "A state court decision slips into the 'unreasonable application' zone 'if the state court identifies the correct governing legal principle from [the Supreme Court's] decision but unreasonably applies that principle to the facts of the prisoner's case.'"  *Id.* (quoting *Williams v. Taylor*, 529 U.S. 362, 413 (2000)) (modification in original).  To meet that standard, it is not enough that this Court may have decided the question of law differently; rather, to deem habeas relief appropriate, the state court's application must demonstrate some additional "increment of incorrectness beyond error."  *Francis S. v. Stone*, 221 F.3d 100, 111 (2d Cir. 2000).

## II.  Right to Counsel

In his first ground for relief, Fick contends that he asserted his right to counsel several times after his arrest on May 15, 2013, but that the officers ignored his requests and proceeded to question him about his involvement in the underlying crime, eliciting several statements from him that were admitted at trial.

Fick raised this issue in the trial court, moving to suppress the statements in question. The trial court conducted a *Huntley* hearing prior to trial to determine the admissibility of Fick's statements. Following the hearing, the court issued a written decision denying the motion. SR at 211-16. The court found that Fick had been read his *Miranda* rights prior to questioning, and that he validly waived those rights. On appeal, the Appellate Division upheld those findings. 167 A.D.3d at 1485.

Fick is not entitled to relief on this ground. The trial court's factual findings, which rested largely on credibility determinations, are entitled to a presumption of correctness, which Fick has not overcome. The Appellate Division's decision was certainly not contrary to, or based on an unreasonable application of, Supreme Court law. Indeed, it was correct under any standard. *See Cunningham v. Conway*, 717 F.Supp.2d 339, 354-55 (W.D.N.Y. 2010) (discussing waiver of *Miranda* rights in the habeas context).

## III.  Sufficiency and Weight of the Evidence

In his second ground for relief, Fick asserts that the evidence presented at trial was insufficient to support the jury's guilty verdict. The Appellate Division stated, without elaboration, that "the evidence, viewed in the light most favorable to the People, is legally

-6-

sufficient to support the conviction," and that "viewing the evidence in light of the elements of

the crimes as charged to the jury, we conclude that the verdict is not against the weight of the

evidence." 167 A.D.3d at 1484-85 (citations omitted).

"When a federal habeas petition challenges the sufficiency of the evidence to support a

state-court conviction," the habeas court's standard is "twice-deferential." *Santone v. Fischer*,

689 F.3d 138, 148 (2d Cir. 2012). "A state court directly reviewing a jury verdict of guilty must,

consistent with United States Supreme Court precedent, view the evidence in the light most

favorable to the prosecution and must not uphold a challenge to the sufficiency of the evidence if

any rational trier of fact could have found the essential elements of the crime beyond a

reasonable doubt." *Id.* (internal quotation marks and brackets omitted). "And the federal court

in a habeas proceeding may not overturn the state-court decision rejecting a sufficiency challenge

unless the decision was objectively unreasonable." *Id.* (internal alterations omitted).

At trial, Fick's defense was essentially that he did not participate in, agree to, or even

know in advance about, the underlying crime, *i.e.*, the invasion of Barrett's home and the ensuing

events. In his habeas petition, Fick contends that the evidence at trial was insufficient to support

a finding that he had the necessary state of mind to be found guilty of the crimes charged.

Because the Appellate Division rejected Fick's claim on the merits, the question before

this Court is whether the Appellate Division's decision "was an unreasonable application of the

Supreme Court's clearly established precedent set forth in *Jackson v. Virginia*, 443 U.S. 307, 315

(1979), which held that the Due Process Clause of the Fourteenth Amendment protects a

defendant in a criminal case against conviction 'except upon proof beyond a reasonable doubt of

every fact necessary to constitute the crime with which he is charged.'" *Nelson v. Lilley*, No. 22-CV-6470, 2022 WL 2872648, at *4 (W.D.N.Y. July 21, 2022) (footnote omitted).

As detailed in respondent's memorandum of law, *see* Dkt. #18 at 3-13, 34-35, there was ample evidence upon which the jury could reasonably have found that Fick acted jointly with Machado and Witthoft in planning and carrying out the crimes charged. Besides the witness testimony, there was evidence of cell phone records showing that Fick remained near Barrett's house while his codefendants were inside, and that he was in communication with them and instructed them to meet Fick later at his girlfriend's house, which they did. Fick also led investigators to the spot where the pickup truck had been dumped into the canal. While Fick did present some evidence attempting to cast doubt on the prosecution's case (he did not testify himself), it was for the jury to assess the witnesses' credibility, and the Appellate Division was plainly correct in concluding that there was sufficient evidence to establish each element of the crimes charged.

In his third ground for relief, Fick asserts that the jury's verdict was against the weight of the evidence. As made clear in the preceding discussion, there is no basis for such a claim, but at any rate such a claim is not cognizable in a federal habeas case. *See McKinnon v. Superintendent*, 422 F.App'x 69, 75 (2d Cir. 2011) ("[T]he argument that the verdict is against the weight of the evidence states a claim under state law, which is not cognizable on habeas corpus") (citing cases); *Clark*, 351 F.Supp.3d at 372 ("It is well established that a 'weight of the evidence' claim does not provide a basis for federal habeas relief").

**IV.  Ineffective Assistance of Counsel**

Fick asserts that he was denied his constitutional right to effective assistance of counsel due to several errors on the part of his trial attorney.  Although this is enumerated as his seventh ground for relief in the petition, I address it now because some aspects of Fick's ineffective-assistance claims bear upon his claim of prosecutorial misconduct, which is discussed below.

Fick alleges that his trial attorney was ineffective because he failed to:  (1) request a limiting or cautionary instruction regarding certain testimony and comments by the prosecutor; (2) request an alibi instruction; and (3) investigate or call certain witnesses.

Fick raised these arguments in his 2020 *pro se* 440 motion.  On November 20, 2020, County Court Judge Jennifer M. Noto issued a Decision and Order denying the motion.  As to Fick's claims of ineffective assistance, Judge Noto held that they were procedurally barred because they could have been raised both in Fick's direct appeal and in his 2015 440 motion, and he had not presented any justifiable basis for not doing so.  She went on, however, to "briefly address the merits (or lack thereof)" of Fick's arguments, and found that there was no basis for any of his ineffective-assistance claims.  (Dkt. #3-1 at 38-41.)

I likewise conclude that Fick's claims of ineffective assistance are procedurally barred in this case.  Under the procedural default doctrine, "a federal habeas court generally may not review a claim on the merits, even if it is exhausted, if the state court decision rejecting that claim 'rests on a state law ground that is independent of the federal question and adequate to support the judgment.'"  *Lomaglio v. Annucci*, No. 17-CV-6395, 2021 WL 1720808, at *4 (W.D.N.Y. Apr. 30, 2021) (quoting *Coleman v. Thompson*, 501 U.S. 722, 729 (1991)).

The County Court's finding that Fick's ineffective-assistance claims were procedurally barred constitutes such an adequate and independent state law ground, barring federal habeas review. That is so even though Judge Noto additionally explained why the claims were meritless in any event. *See Harris v. Reed*, 489 U.S. 255, 264 (1989); *Fama v. Commissioner of Corr. Servs.*, 235 F.3d 804, 811 (2d Cir.2000); *Glenn v. Bartlett*, 98 F.3d 721, 724-25 (2d Cir.1996); *Walker v. Bennett*, 262 F.Supp.2d 25, 32-33 (W.D.N.Y. 2003). Although this Court could excuse the default if Fick demonstrates cause and prejudice for the default, *see Gray v. Netherland*, 518 U.S. 152, 162 (1996) (citations omitted), or shows that a failure to review the claim "will result in a fundamental miscarriage of justice," *Harris*, 489 U.S. at 262, he has not done so.

As did the state court, I also conclude that even if Fick's claims of ineffective assistance of counsel were not procedurally barred, they would provide no basis for relief. Fick's assertions of attorney error amount to little more than speculative, unsupported second-guessing of his trial counsel's actions and decisions, and do not even come close to clearing the high bar for such claims as set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).

## V.  Prosecutorial Misconduct

In his fourth ground for relief, Fick contends that he was denied due process of law because of prosecutorial misconduct. Fick alleges that at trial, the prosecutor made improper remarks both during his opening statement and in his closing argument, and that he improperly elicited testimony concerning uncharged crimes that Fick allegedly committed.

The Appellate Division addressed these matters in its decision on Fick's direct appeal. The court first stated that Fick had not preserved for appellate review the issue of whether he was deprived of a fair trial, because he had not objected to any of the alleged instances of prosecutorial misconduct during the trial.  167 A.D.3d at 1485.  The court went on to address the issue on the merits, however, finding no merit to Fick's assertions concerning the prosecutor's remarks in his opening and in his summation.  *Id.* at 1485-86.

The court did "agree with defendant ... that the prosecutor exceeded the bounds of propriety by cross-examining a defense witness regarding an uncharged crime that defendant allegedly committed and by placing his own credibility in issue while doing so," *id.* at 1486, but added that "although we strongly condemn the prosecutor's conduct during cross-examination, we conclude that it does not warrant reversal here," because that conduct did not substantially prejudice Fick's trial.  *Id.*[4]  The court also concluded that the failure of Fick's trial attorney to object to the alleged instances of prosecutorial misconduct did not constitute ineffective assistance of counsel.  *Id.*

At the outset, I agree with respondent that this claim is also barred by the procedural default doctrine.  The Appellate Division expressly held that Fick had failed to preserve the issue of  prosecutorial misconduct issue for appellate review, due to his attorney's failure to object. Although the court also rejected Fick's arguments on the merits, its holding that the claim had not been preserved constitutes an adequate, independent state ground that bars habeas relief.  *See*

---

[4] Two members of the five-judge panel dissented, opining that even though Fick had failed to preserve the issue for review, they would nevertheless have reversed, based on "the severity and frequency of the prosecutor's misconduct, the [trial] court's failure to take any action to dilute the effect thereof, and the fact that the evidence of defendant's guilt [wa]s less than overwhelming."  *Id.* at 1488 (DeJoseph and Troutman, J.J., dissenting).

*Green v. Travis*, 414 F.3d 288, 294 (2d Cir. 2005) ("[W]hen a state court says a claim is 'not preserved for appellate review' but then rules 'in any event' on the merits, such a claim is procedurally defaulted") (Sotomayor, J.); *Walker*, 262 F.Supp.2d at 32-33 (finding a procedural bar to habeas review "since the Appellate Division 'explicitly invoke[d] a state procedural bar rule as a separate basis for decision,' even though it also ruled 'in any event' on the merits of the claim'") (quoting *Harris*, 489 U.S. at 264).  *See also Houston v. New York*, No. 18-CV-723, 2021 WL 809986, at *12 (W.D.N.Y. Mar. 3, 2021) (state court's finding that failure to object at the time barred appellate review is an independent and adequate state ground precluding habeas relief) (citing cases).

As with his ineffective-assistance claim, to overcome that procedural bar Fick would have to "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."  *Pressley v. Rich*, No. 20-CV-6428, 2022 WL 2306974, at *8 (W.D.N.Y. June 27, 2022) (internal quote omitted).  To establish cause, the petitioner must show that some objective external factor impeded his ability to comply with the relevant procedural rule.  *Davila v. Davis*, __ U.S. __, 137 S.Ct. 2058, 2065 (2017); *Maples v. Thomas*, 565 U.S. 266, 280 (2012).  Prejudice requires a petitioner to show "not merely that the errors at ... trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions."  *Murray v. Carrier*, 477 U.S. 478, 494 (1986) (quoting *United States v. Frady*, 456 U.S. 154, 170 (1982)) (alteration in original).  If the petitioner fails to establish cause, the court need not decide whether he suffered actual prejudice.

*See id.* at 496 (referring to the cause-and-prejudice test "in the conjunctive"); *Stepney v. Lopes*, 760 F.2d 40, 45 (2d Cir. 1985).

The Supreme Court has held that attorney error can constitute cause for a procedural default, if the error is of sufficient magnitude to amount to constitutionally ineffective assistance. *See Davila*, 137 S.Ct. at 2065; *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). In the case at bar, respondent states that because his attorney's failure to object to the alleged instances of prosecutorial misconduct is not among the bases for his claims of ineffective assistance set forth in his § 2254 petition, Fick cannot rely on that failure to establish cause for his procedural default.

As noted, however, Fick did raise ineffective assistance on this ground in his direct appeal, and the Appellate Division rejected his argument on the merits. *See* 167 A.D.3d at 1486. Although Fick's habeas petition does not explicitly assert ineffective assistance as a basis to show cause for his procedural default on the prosecutorial misconduct issue, that does not automatically bar his claim. The ineffective-assistance argument was properly raised in the state court, and the Appellate Division addressed it on the merits. In light of that fact and Fick's *pro se* status, I do not believe that this claim is barred simply because Fick has not expressly asserted a standalone ineffective-assistance claim on this particular ground in his habeas petition. *See Carrier*, 477 U.S. at 489 (stating that "a claim of ineffective assistance [must] be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default"); *Tavarez v. Larkin*, No. 12 Civ. 4015, 2014 WL 2048419, at *12 (E.D.N.Y. May 18, 2014) ("A federal habeas court cannot consider ineffective assistance as constituting cause and prejudice unless that ineffective assistance claim has been exhausted in state court"); *cf.*

*Edwards*, 529 U.S. at 451-53 (holding that a habeas petitioner generally may not rely on ineffective assistance as a basis for "cause" of procedural default, if the ineffective-assistance claim was itself "not presented [to the state courts] in the manner that state law requires").

That does not necessarily mean that Fick has established cause for the default, however. "A defense counsel's ineffectiveness in failing to properly preserve a claim for review in state court can suffice to establish cause for a procedural default only when the counsel's ineptitude rises to the level of a violation of a defendant's Sixth Amendment right to counsel." *Aparicio v. Artuz*, 269 F.3d 78, 91 (2d Cir. 2001) (citing *Edwards*, 529 U.S. at 451, and *Murray*, 477 U.S. at 488-89). *See*, *e.g.*, *Walker v. Bennett*, 262 F.Supp.2d 25, 32-33 (W.D.N.Y. May 15, 2003) ("This Court's conclusion ... that Walker's ineffective assistance claim fails on the merits precludes it from serving as 'cause' to excuse Walker's procedural default").

The Appellate Division concluded that "defense counsel's failure to object to the alleged instances of prosecutorial misconduct did not constitute ineffective assistance of counsel." Although the court did not elaborate on the reasons for that conclusion, that constitutes a decision on the merits that is entitled to deference under AEDPA. *See Wade v. Herbert*, 391 F.3d 135, 140 (2d Cir. 2004) (Appellate Division's summary determination that petitioner's federal constitutional claim was "without merit," even absent citation of federal case law, was a determination "on the merits" and as such "required the deference specified by § 2254"). *See also Parker v. Ercole*, 666 F.3d 830, 834 (2d Cir.2012) ("'[a]bsent a clear and express statement of reliance on a state procedural bar,' we presume that a cursory state court decision 'rest[s] on the merits of the federal claim'") (quoting *Jimenez v. Walker*, 458 F.3d 130, 145 (2d Cir.2006)); *Daley v. Lee*, No. 10-CV-6065, 2012 WL 2577472, at *7 (E.D.N.Y. July 3, 2012) (stating with

respect to petitioner's assertion that his trial attorney was ineffective for failing to object to, and move for a mistrial based on, allegedly improper remarks the prosecutor made during summation, that the Appellate Division's denial of that claim without elaboration was entitled to deferential review under AEDPA).

In addition, because this involves an issue of ineffective assistance of counsel, this Court must apply a "doubly deferential" standard of review. *Burt v. Titlow*, 571 U.S. 12, 16 (2013). The Court must not only defer to the Appellate Division's conclusion that Fick failed to show that he received ineffective assistance of counsel, *see, e.g., Tavarez*, 2014 WL 2048419 at *12, but also apply a "strong presumption" that counsel's performance "was within the 'wide range' of reasonable professional assistance." *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland v. Washington*, 466 U.S. 668, 689 (1984)).

Under that standard, Fick's claim must fail. The Appellate Division properly examined Fick's claims of both prosecutorial misconduct and ineffective assistance in the context of the entire trial record. Although the court found that some of the prosecutor's remarks were improper, the court also found that they did not deny plaintiff a fair trial, and that counsel's failure to object did not amount to ineffective assistance. On the record before me, I cannot conclude that those determinations were either contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court, or that they were based on an unreasonable determination of the facts in light of the evidence.

To a great extent, the issues of prosecutorial misconduct and ineffective assistance overlap. To overcome the procedural default, Fick would have to show that counsel's errors were "so serious as to deprive [him] of a fair trial, a trial whose result is reliable." *Strickland*,

466 U.S. at 687.  Similarly, to find that Fick is entitled to relief on the basis of prosecutorial

misconduct would require that the prosecutor's actions were so egregious as to deprive him of a

fair trial.  *See Floyd v. Meachum*, 907 F.2d 347, 353 (2d Cir. 1990) (to succeed on a claim of

improper conduct by the prosecution during trial, a habeas petitioner must demonstrate that the

prosecutor's comments or actions were "so prejudicial that they rendered the trial in question

fundamentally unfair") (internal quote omitted); *see, e.g., Griggs v. Lempke*, 797 F.App'x 612,

617 (2d Cir. 2020) ("viewing the [prosecutor's] improper remarks against the background of the

entire summation, the defense summation to which it replied, and the evidence as a whole, we

cannot find that the state court's conclusion that the summation did not deprive Griggs of a fair

trial was an unreasonable application of clearly established Federal law").

The Appellate Division concluded that Fick had not shown that he was deprived of a fair

trial as a result of either prosecutorial misconduct or attorney ineffectiveness.  To determine

whether that conclusion withstands Fick's habeas challenge requires a review of the factual

record of Fick's trial.

What troubled the Appellate Division the most was the prosecutor's implication that Fick

had committed an uncharged crime.  In the defense case, Fick's cousin, David Olyer, was called

as a defense witness.  He testified that he lived not far from the victim, Raymond Barrett.  The

gist of his testimony was that the night before the crime occurred, Fick had been at the home of a

mutual friend, Leon Moses, who lived about a mile from Olyer, and that the next morning Fick

(who had presumably spent the night at Moses's house), Fick arrived on foot at Olyer's place.

Olyer testified that Fick was with him from sometime between ten and eleven o'clock until about

one o'clock, when Fick gave him a ride back to Moses's house.  According to Olyer's testimony,

then, Fick was with him throughout the time that (according to Barrett's testimony) the crime occurred.

During cross-examination, the prosecutor asked Olyer a series of questions attempting to call into question some of the details of Olyer's testimony as well as his overall credibility.  At one point, the prosecutor asked, "And do you recall the defendant breaking your vehicle windows three weeks before this?," to which Olyer replied, "No."  He stated that someone had broken his vehicle's windows, but that he did not know who did it or why.  (Dkt. #35-3 at 199.)

This colloquy continued, with the prosecutor stating, "I know who smashed your window," and, "I would bet my career that person is in the courtroom."  (Dkt. #35-3 at 200-01.)[5] He also insinuated that Olyer's windows were broken because he had "used all of the drugs" that he was "supposed to sell," all of which Olyer denied.  *Id.* at 199.  There was no objection from defense counsel, but eventually the trial judge stepped in to halt what was becoming an argument between the prosecutor and the witness, and the prosecutor moved on to other topics.

It was this exchange in which the Appellate Division found that "the prosecutor exceeded the bounds of propriety," but that the prosecutor's conduct did not warrant reversal.  I do not find that conclusion unreasonable.  Although the prosecutor's questions and comments were indisputably improper (a point conceded by respondent), the entire exchange between him and Olyer was relatively brief, and other than the prosecutor's insinuations, no actual evidence was presented that Fick had anything to do with smashing the windows of Olyer's vehicle, or that Fick or Olyer were involved in selling drugs.  In addition, the prejudice to Fick was mitigated to

---

[5] Although the trial transcript reads, "I know who smashed your window?," read in context the prosecutor's statement appears to be declarative, not interrogative, so the question mark seems to be the result of clerical error.

some extent by the fact that the uncharged crimes alluded to were not particularly heinous or similar to the crimes for which Fick was on trial.  *See Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (a prosecutor's remarks, even if "undesirable or even universally condemned," are insufficient to justify reversing a conviction in an otherwise fair proceeding, unless they "so infected the trial with unfairness as to make the resulting conviction a denial of due process").

The Appellate Division also reasonably concluded that defense counsel's failure to object to the prosecutor's remarks did not constitute ineffective assistance.  "Decisions such as when to object and on what grounds are primarily matters of trial strategy and tactics, and thus are virtually unchallengeable absent exceptional grounds for doing so."  *Broxmeyer v. United States*, 661 F.App'x 744, 748 (2d Cir. 2016) (quoting *United States v. Cohen*, 427 F.3d 164, 170 (2d Cir. 2005)).  The trial transcript shows that Fick's attorney did object at times during Olyer's cross-examination.  *See* Dkt. #35-3 at 172, 176, 180, 183, 191-96, 198.  That he did not do so during the questioning about the vehicle windows thus appears not to have been the result of inattention on counsel's part, but a deliberate decision.  Perhaps he thought that Olyer was getting the better of the prosecutor, or that the prosecutor (who at one point said, "I'm in way over my head," Dkt. #35-3 at 201) was getting rattled, so he decided to let it continue.  Whatever his reasons, I do not find that counsel's decision not to object fell below the standard of reasonably effective performance.

The same is true as to the other bases for Fick's claim of prosecutorial misconduct, all of which relate to statements by the prosecutor in his opening and closing statements.  The Appellate Division also found these procedurally barred due to the absence of a contemporaneous objection, but again found them meritless.  The court stated that the challenged

remarks were generally fair comment, and that to the extent that they may have been improper, "they were not so pervasive or egregious as to deny defendant a fair trial."  167 A.D.3d at 1486 (internal quote omitted).

As with the claim concerning Olyer's cross-examination, the state court's findings in that regard are entitled to deference by the Court, and I see no reason to reject them.  Accordingly, Fick cannot rely on ineffective assistance to establish cause for his procedural default on the claim of prosecutorial misconduct.

## VI.  Severity of the Sentence

Fick asserts that his sentence of 22 years to life was unduly harsh and excessive.  He states in his petition that as a second felony offender, he could have been sentenced to a determinate term of eight years, which he contends would have been appropriate based on the evidence presented at tiral.  Fick made this argument in his direct appeal, and the Appellate Division summarily rejected it.  167 A.D.3d at 1486.

The short answer to Fick's argument is that this claim is not cognizable on federal habeas review.  "It is well settled that a sentence does not violate the Eighth Amendment if the sentence falls within the statutory range."  *Santiago v. Keyser*, No. 19-cv-4020, 2022 WL 2917493, at *14 (S.D.N.Y. May 24, 2022) (citing *White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992) ("No federal constitutional issue is presented where ... the sentence is within the range prescribed by state law").  *Accord Clark*, 351 F.Supp.3d at 372.  Fick does not assert that his sentence was actually unlawful, so there is no basis for federal habeas relief.

## VII.  Denial of the Right to Counsel of Choice

In his sixth ground for relief, Fick asserts that he was denied the right to counsel of his choice when an "unauthorized" attorney was assigned to represent him and waived Fick's right to a preliminary hearing, without his knowledge or consent.

The gist of this claim seems to be that after his arrest, Fick or his family retained an attorney, William Sedor, to represent him.  For some reason, however, without Fick's knowledge or consent, a different attorney, Adam Militello, appeared in court on Fick's behalf, waived a preliminary hearing, and requested that the matter be referred to the grand jury.  Fick alleges that he has never even met Militello, nor did he authorize Militello to represent him.

Fick raised this claim in his December 2014 *pro se* 440 motion.  (SR 16.)  On August 28, 2015, County Court Judge Dennis S. Cohen issued a two-page Decision and Order denying the motion as moot,stating, "Once the grand jury indicted defendant, any procedural defects in local court are rendered moot."  *Id.* at 30 (citations omitted).

Although the exact legal theory of this claim is somewhat difficult to discern, it clearly must be denied, for several reasons.  In connection with the 440 motion, Fick submitted a letter addressed "To Whom it May Concern" dated December 14, 2014 and signed by Sedor, who stated that he "had been retained by Mr. Fick's family shortly *after* his arraignment in Livingston County in May 2013."  (Dkt. #17- at 739) (emphasis added).

In an answering affirmation, an assistant district attorney explained that at his arraignment on May 15, 2013, Fick was provided an application for a public defender, which he filled out and submitted.  A preliminary hearing was scheduled for May 20.  Fick was assigned an attorney, who waived the preliminary hearing.  Fick subsequently retained Sedor, who first

appeared at a bail hearing on May 24 and continued to represent him throughout proceedings, up to and including the trial.  (SR 740-43.)  Fick has presented no evidence to the contrary.  There is no evidence, then, that Fick was denied an attorney–of his choice or otherwise–or that his brief representation by an assigned attorney resulted in any violation of his constitutional rights.

The record also shows that neither Fick nor Sedor raised any objections or concerns about any of these matters until Fick's postconviction 440 motion.  All the relevant facts were known or at least available to Fick and Sedor well before then, and Fick offers no explanation for that default.  In any event, despite his present efforts to frame this as a constitutional violation, Fick has not alleged facts showing any violation, or any resulting prejudice to him.

## VIII.  "Newly Discovered Evidence"

In his eighth and final ground for relief, Fick claims that "newly discovered evidence" in the form of two affidavits of his codefendant Joseph Machado exonerates Fick of any wrongdoing.

Fick first raised this claim in his 2020 *pro se* 440 motion.  In support of the motion, he submitted two affidavits of Machado, both dated August 19, 2018.  In the first affidavit, Machado stated that prior to Fick's trial, Machado told Fick's attorney Sedor that he was willing to testify as a defense witness, and that if called he would testify that Fick had no prior knowledge of or anything to do with the invasion and robbery at Barrett's home.  The second affidavit describes what Machado claims happened on May 11, 2013:  in short, that after Fick left Machado and Witthoft to walk to his cousin's house, Machado and Witthoft were passing by

Barrett's house when they came up with the idea of stealing his truck and ransacking the house. (SR 660-65.)

In denying the 440 motion, Judge Noto stated that Machado's affidavits "did not constitute newly discovered evidence entitling the defendant to vacatur of his convictions.  Said affidavits are unlikely to change the result if a new trial was granted as they merely impeach or contradict the record evidence, and the cumulative information contained therein clearly could have been discovered prior to trial."  (Dkt. #3-1 at 42.)

"Generally, petitioners are not entitled to habeas corpus relief on the independent ground that there is 'newly discovered evidence' of their innocence."  *Johnson v. Warden of Downstate Corr. Fac.*, No. 16-CV-2825, 2022 WL 824078, at *11 (E.D.N.Y. Mar. 17, 2022) (citing *Ortega v. Duncan*, 333 F.3d 102, 108 (2d Cir. 2003)).  The Supreme Court has held that "[c]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding."  *Herrera v. Collins*, 506 U.S. 390, 400 (1993).

For newly discovered evidence to warrant habeas relief, the petitioner must show that the evidence is "so compelling that it would be a violation of the fundamental fairness embodied in the Due Process Clause" for the conviction to stand.  *White v. Keane*, 51 F.Supp.2d 495, 502 (S.D.N.Y. 1999).  The court must then "decide whether the jury probably would have altered its verdict if it had had the opportunity to appraise the impact of the newly-discovered evidence not only upon the factual elements of the government's case but also upon the credibility of the government's witness."  *United States v. Stofsky*, 527 F.2d 237, 246 (2d Cir. 1975).

Fick's reliance on Machado's affidavits falls far short of passing that test.  As the State pointed out in its response to the 440 motion, and as the County Court found, Machado's affidavits were cumulative of other evidence that was presented at trial, and were themselves rife with evidentiary holes and contradictions.  For example, Machado failed to account for or explain incriminating text messages between him and Fick.  He also stated that after the robbery, he and Witthoft drove to Fick's girlfriend's house, where they unloaded the truck.  That certainly would have been a strange thing to do if Fick truly knew nothing about any of the crimes.  The state court's conclusion that Machado's testimony, had he been called as a witness at Fick's trial, would not have been likely to affect the outcome, is entitled to deference and was well supported.

## CONCLUSION

For the reasons stated above, the petition (Dkt. # 1) is DISMISSED.  Petitioner's motion to hold his petition in abeyance (Dkt. #25) is denied as moot.

Because Fick has not made a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), I decline to issue a certificate of appealability.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       October 4, 2022.

-23-